IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DELBRA L. DEAN**, | |
| Plaintiff, | |
| v. | Civil Action File No. |
| **1715 NORTHSIDE DRIVE, INC. d/b/a Dreams**; | Jury Trial Demanded |
| **A-1 ENTERTAINMENT, LLC d/b/a Dreams**; | |
| **C.B. JONES II**; and | |
| **CARMEN POPOVITCH**, | |
| Defendants. | |

## <u>COMPLAINT</u>

Plaintiff Delbra L. Dean (hereinafter "Ms. Dean"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7, files her Complaint against 1715 Northside Drive, Inc. d/b/a Dreams (hereinafter "1715"); A-1 Entertainment, LLC d/b/a Dreams (hereinafter "A-1"); C.B. Jones II (hereinafter "Jones"); and Carmen Popovitch (hereinafter "Popovitch") (collectively "Defendants"), and shows the Court as follows:

1.

Ms. Dean hereby alleges that Defendants have maintained a pattern and practice of not paying minimum wages through purposeful misclassification of Ms. Dean as an independent contractor rather than an employee and by requiring illegal kickbacks in the form of fees and fines in violation of the minimum wage provisions of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)

2.

Ms. Dean is also entitled to receive back the full amount of the fees and fines she was required to pay to Defendants because those fees and fines constituted an illegal mandatory tip pool.

3.

Ms. Dean further alleges that Defendants have filed fraudulent tax information returns falsely classifying her as an independent contractor in violation of 26 U.S.C. § 7434.

**JURISDICTION AND VENUE**

4.

This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as this case arises under 29 U.S.C. § 201, et seq. and 26 U.S.C. § 7434.

5.

This court has personal jurisdiction over Defendants

6.

Defendant 1715 is a businesses incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

7.

Defendant A-1 is a businesses incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

8.

Defendant Jones is a resident of the State of Georgia.

9.

Defendant Popovitch is a resident of the State of Georgia.

10.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U. S. C. §1391(b) because, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

11.

Ms. Dean is an individual residing in Lithonia, DeKalb County, Georgia.

12.

Ms. Dean is a former employee of Defendants.

13.

Ms. Dean worked as an exotic dancer or entertainer for Defendants from

2010 until approximately August 2014.

14.

Defendants have never paid her any wage of any kind for her work as a

dancer.

15.

Defendant 1715 is a Georgia corporation. Its principal office address is 1715

Northside Drive NW, Atlanta, GA 30318 and it can be served through its

registered agent, Dewayne N. Martin, 55 Ivan Allen, Jr. Boulevard, Suite 820,

Atlanta, Georgia 30308.

16.

Defendant A-1 is a Georgia limited liability company. Its principal office

address is 1715 Northside Drive NW, Atlanta, GA 30318 and it can be served

through its registered agent, Carmen Popovitch, at 10625 Roxburgh Lane, Roswell,

GA 30076.

17.

Defendant C.B. Jones II is a resident of Pickens County, Georgia and can be served at his residence at 15 Lone Oak Way, Fairmount, Georgia 30139, or wherever he can be found.

18.

Defendant Carmen Popovitch is a resident of Fulton County, Georgia and can be served at her residence at 10625 Roxburgh Lane, Roswell, GA 30076, or wherever she can be found.

## FACTUAL ALLEGATIONS

19.

Defendants own and operate a successful and long-lived strip club, Dreams, which was formerly known as Diamond Club until an unknown date in 2014.

20.

 The primary business of Defendants is to provide entertainment in the form of nude and semi-nude dancers as well as alcoholic beverages to customers of the club.

21.

Dancers are central to Defendants' business model and financial success of Dreams, justifying its cover charges and drink prices, which are much higher than at other bars and clubs in the area.

22.

At all times material hereto, Defendants have done business in the State of Georgia.

23.

At all times material hereto, Dreams has been an enterprise engaging in interstate commerce by having multiple employees regularly engaged selling alcoholic beverages produced and shipped from outside of the State of Georgia, regularly serving foods produced and shipped from outside of the State of Georgia, having multiple employees—including all dancers—regularly processing out-of-state credit card sales, and regularly using wires in the furtherance of their business.

24.

Dreams is situated directly adjacent to an exit ramp of an interstate highway and serves large numbers of out-of-state customers.

25.

At all times material hereto, Dreams has had gross revenues in excess of $500,000 a year.

26.

At all times material hereto, 1715 was "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a)

27.

At all times material hereto, 1715 had had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, 1715 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, 1715 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

30.

At all times material hereto, A-1 was "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a)

31.

At all times material hereto, A-1 had had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

32.

At all times material hereto, A-1 had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

33.

At all times material hereto, A-1 had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A)).

34.

Ms. Dean's dancer job is not a position that would fall under any of the FLSA exemptions enumerated in 29 U.S.C. § 213(a)(1).

35.

At all times material hereto, Defendants have intentionally, willfully, fraudulently, and maliciously misclassified Ms. Dean as an independent contractor.

36.

This misclassification of dancers at Dreams occurred throughout the entire period of Ms. Dean's employment.

37.

At all times material hereto, Defendants have exercised direct and indirect controls over Ms. Dean and all other dancers at Dreams including, but not limited to the minimum number of shifts they must work per week, their time of arrival to a shift, the costumes they wear, the content and duration of their performances, their alcoholic beverage consumption, their use of VIP rooms to entertain customers privately, and their interactions with customers on the floor of the club.

38.

At all times material hereto, Defendants have required Ms. Dean and all other dancers to pay illegal kickbacks to Dreams and its owners, agents, and employees in the form of "fees." These have included, but have not been limited to, a per-shift "house fee", a "DJ fee", a "manager fee", a "VIP fee", and a "credit card fee".

39.

At all times material hereto, Defendants have required Ms. Dean and all other dancers to pay illegal kickbacks to Dreams and its owners, agents, and employees in the form of "fines." These have included, but have not been limited to, a "late-arrival fine", an "early-leave fine", and a "missed-rotation fine".

40.

At all times material hereto, Defendants have intentionally, willfully, recklessly, and maliciously failed to pay Ms. Dean minimum wages as required by 29 U.S.C. § 201 et seq.

41.

For each year of Ms. Dean's employment at Dreams, Defendants have filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Ms. Dean as nonemployee compensation.

42.

This characterization of Ms. Dean's earnings as nonemployee compensation—rather than employee compensation in a Form W-2—was false, because Ms. Dean was an employee of Defendants and not an independent contractor.

43.

Defendants intentionally, willfully, fraudulently, and maliciously misclassified Ms. Dean as an independent contractor and filed fraudulent Forms 1099 with respect to Ms. Dean for the purpose of Defendants' own enrichment, which included but was not limited to avoiding payment of minimum wages, avoiding payment of state unemployment taxes, avoiding state and federal payroll tax contributions, and avoiding state workers' compensation taxes.

44.

In December 2013, Dreams was sold by Defendant Jones to Defendant Popovitch. Since that time, Diamond Club has been operated both by A-1 Entertainment, LLC and by 1715 Northside Drive, Inc., in addition to Defendant Popovitch. On information and belief, Defendants Jones ended his control over Dreams and was no longer Ms. Dean's employer as of that time.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE (29 U.S.C. § 206)

45.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

46.

As all times material hereto, Ms. Dean was misclassified as an independent contractor by Defendants.

47.

At all times material hereto, Ms. Dean was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

48.

Defendants failed to inform Ms. Dean of the provisions of FLSA § 3(m); 29 U.S.C. § 203(m).

49.

At all times material hereto, Defendants intentionally and willfully failed to compensate Ms. Dean at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

50.

Ms. Dean is entitled to payment of minimum wages for all hours worked in an amount to be determined at a trial by jury, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

Defendants' requirement of illegal kickback fees and fines to be paid by Ms. Dean to Defendants and their agents and employees violated the "free and clear" requirement of 29 CFR 531.35. Furthermore, and in the alternative, the requirement of these fines and fees constituted an illegal mandatory tip pool in violation of 29 U.S.C. § 203(m), because these fees and fines were not paid to employees who customarily and regularly receive tips. As a result, Ms. Dean is entitled to reimbursement of all fees and fines paid to Defendants and their agents and employees in addition to all other unpaid wages.

52.

As a result of Defendants' intentional and willful nonpayment of minimum wages as alleged above, Ms. Dean is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of Defendants' intentional and willful nonpayment of minimum wages, Defendants are liable to Ms. Clarke for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FRAUDULENT FILING OF TAX INFORMATION RETURNS
## (26 U.S.C. § 7434)

54.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

55.

For each year of Ms. Dean's employment at Dreams, Defendants have filed Forms 1099-MISC with the Internal Revenue Service categorizing monies earned by Ms. Dean as nonemployee compensation.

56.

At all times material hereto, Ms. Dean has in fact been Defendants' employee, and not an independent contractor.

57.

Defendants intentionally, willfully, and fraudulently misclassified Ms. Dean as an independent contractor and filed fraudulent Forms 1099 with respect to Ms. Dean for Defendants' own enrichment.

58.

Pursuant to 26 U.S.C. § 7434, because of Defendants' intentional, willful, fraudulent, and malicious filing of false tax information returns with respect to Ms.

Dean, she is entitled to damages up to and including any actual damages sustained, or in any event not less than $5,000 per fraudulent filing, as well as costs of litigation and reasonable attorney's fees.

      WHEREFORE, Plaintiff Dean prays that this Court:

(a)    Find that Defendants have willfully violated 29 U.S.C. § 201 et seq. by failing to pay Ms. Dean minimum wages;

(b)    Issue a judgment against Defendants for all unpaid wages, illegal kickbacks and/or monies paid by Ms. Dean into an illegal mandatory tip pool, pre- and post-judgment interest, attorney's fees and reasonable costs of litigation and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(c)    Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(d)    Issue a separate judgment against Defendants for no less than $5,000 for each fraudulent tax information return filed with respect to Ms. Dean, in addition to costs of litigation and reasonable attorney's fees, for violations of 26 U.S.C. § 7434;

(e)    For such other and further relief as is just and equitable.

Plaintiff hereby demands a TRIAL BY JURY on all issues so triable.


This 24th day of November 2014.


                                        Respectfully submitted,


3100 CENTENNIAL TOWER              DELONG CALDWELL BRIDGERS
101 MARIETTA STREET                & FITZPATRICK, LLC
ATLANTA, GEORGIA 30303
(404) 979-3171                     /S/CHARLES R. BRIDGERS
(404) 979-3170 (f)                 CHARLES R. BRIDGERS
charlesbridgers@dcbflegal.com      GA. BAR NO. 080791
kevin.fizpatrick@dcbflegal.com     /S/ KEVIN D. FITZPATRICK, JR.
matthew.herrington@dcbflegal.com   KEVIN D. FITZPATRICK, JR.
                                   GA. BAR NO. 262375
                                   /S/ MATTHEW W. HERRINGTON
                                   MATTHEW W. HERRINGTON
                                   GA. BAR NO. 275411

                                   COUNSEL FOR PLAINTIFF