UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELBRA L. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:14-cv-03775- |
| 1715 NORTHSIDE DRIVE, INC et al., | ) | CAP |
| | ) | Hon. |
| Defendants. | ) | |
| | ) | |

**ANSWER OF DEFENDANTS 1715 NORTHSIDE DRIVE, INC., A1 ENTERTAINMENT, LLC, AND CARMEN POPOVITCH TO PLAINTIFF'S COMPLAINT, COUNTER CLAIM, AND CROSS CLAIM AGAINST DEFENDANT CB JONES II**

Defendants 1715 Northside Drive, Inc., A1 Entertainment and Carmen Popovitch ("Defendants") answer each paragraph of Plaintiff's complaint in the order in which presented:

NATURE OF THE ACTION

1.      Defendants acknowledge that Plaintiff alleges violations of the Fair Labor Standards Act ("FLSA"), specifically violations of the minimum hourly wage and overtime provisions of the FLSA.  Defendants deny that they have violated the FLSA and that they have deprived Plaintiff of minimum or overtime wages. Defendants deny that they have employed Plaintiff within the meaning of

1

the FLSA. Defendants deny all remaining allegations not expressly admitted or acknowledged contained in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations of Paragraph 2 insofar as these allegations are intended to apply to Defendants, except to the extent these allegations contain conclusions of law requiring neither admission nor denial.

3.     Defendants deny the allegations of Paragraph 3 to the extent these allegations are intended to apply to Defendants, except insofar as these allegations contain conclusions of law requiring neither admissions nor denials.

4.     Defendants admit the allegations contained in Paragraph 4, specifically that the Court has subject matter jurisdiction, to the extent these allegations are intended to apply to Defendants. Defendants deny all remaining allegations contained in Paragraph 4 not expressly admitted or acknowledged.

5.     Defendants admit the allegations contained in Paragraph 5, specifically that the Court has personal jurisdiction over Defendants.

6.     Defendants admit that Defendant 1715 is an entity existing under the laws of Georgia and the Court's jurisdiction. Defendants deny all remaining allegations not expressly admitted or acknowledged contained in Paragraph 6.

7.     Defendants admit that Defendant A1 is an entity existing under the laws of Georgia and the Court's jurisdiction. Defendants deny all remaining allegations not expressly admitted or acknowledged contained in Paragraph 7.

8.     Defendants lack sufficient information to either admit or deny the allegations of Paragraph 8.

9.     Defendants admit the allegation of Paragraph 9.

10.    Defendants admit that venue is proper in the Northern District of Georgia, Atlanta Division. Defendants deny all remaining allegations not expressly admitted or acknowledged contained in Paragraph 10.

11.    Defendants are without sufficient information to deny or admit the allegations contained in Paragraph 11.

12.    Defendants deny the allegations of Paragraph 12.

13.    Defendants admit that Plaintiff is an exotic dancer who applied her skills in the club for an undetermined period of time. Defendants lack sufficient information to form an opinion or belief as to the temporal extent of Plaintiff's presence in the club. The remaining allegations of Paragraph 13 are denied.

14.    Defendants, to the extent Paragraph 14 is intended to apply to Defendants, admit to not having paid Plaintiff minimum wages. To the extent

Paragraph 14 can be interpreted to make additional allegations, the same are

denied.

   15.    Admitted.

   16.    Admitted.

   17.    Defendants lack sufficient information to form a belief as to the

factual allegations contained in Paragraph 17.

   18.    Admitted.

   19.    Admitted to the extent the allegations of Paragraph 19 are intended to

apply to Defendants, and except to the extent Plaintiff fails to allege the correct

corporate ownership of the club.

   20.    To the extent Paragraph 20 is intended to apply to Defendants,

Defendants admit that Defendants' business is a strip or gentlemen's club. The

remainder of the allegations of Paragraph 20 are denied.

   21.    To the extent Paragraph 21 is intended to apply to Defendants,

Defendants deny the allegations of Paragraph 21.

   22.    Admitted to the extent intended to apply to Defendants.

23.     Denied, to the extent Paragraph 23 is intended to apply to Defendants and except to the extent Paragraph 23 contains conclusions of law requiring neither an admission nor a denial.

24.     Defendants admit that the club is located next to an exit ramp that leads into a highway. The remainder of the allegations of Paragraph 24 are denied.

25.     Admitted, to the extent these allegations apply to Defendant 1715 and after December 2013 when the club ownership changed. Defendants do not have sufficient information to form a belief as to the truth of the matter asserted to the extent financial records predating December 2013 are missing. The remainder of the allegations of Paragraph 25 are denied.

26.     The allegations of Paragraph 26 are conclusions of law requiring neither an admission nor a denial.

27.     The allegations of Paragraph 27 are conclusions of law requiring neither an admission nor a denial.

28.     The allegations of Paragraph 28 are conclusions of law requiring neither an admission nor denial.

29.     Defendants refer Plaintiff to the answer to Paragraph 25. The remainder of the allegations of Paragraph 29 are denied except to the extent the

allegations of Paragraph 29 are conclusions of law requiring neither admission nor denial.

30.     The allegations of Paragraph 30 are conclusions of law requiring neither admission nor denial.

31.     The allegations of Paragraph 31 are conclusions of law requiring neither admission nor denial.

32.     The allegations of Paragraph 32 are conclusions of law requiring neither admission nor denial.

33.     Denied except to the extent the allegations of Paragraph 33 are conclusions of law requiring neither admission nor denial.

34.     Denied, except to the extent the allegations of Paragraph 34 are conclusions of law requiring neither admission nor denial.

35.     Defendants admit that Plaintiff is an independent contractor. The remainder of the allegations of Paragraph 35 are denied.

36.     Denied.

37.     Denied to the extent Paragraph 37 is intended to apply to Defendants.

38.     To the extent Paragraph 38 is intended to apply to Defendants, Defendants admit that Plaintiff had the option of paying for certain facilities and services such as a DJ service. The remainder of the allegations of Paragraph 38 are denied except insofar as it contains conclusions of law that require neither admissions not denials.

39.     To the extent Paragraph 39 is intended to apply to Defendants and after the club changed ownership in December 2013, the allegations of Paragraph 39 are denied except insofar as it contains conclusions of law requiring neither admissions nor denials.

40.     Defendants admit that Plaintiff did not receive minimum wages. The remainder of the allegations of Paragraph 40 are denied, except insofar as it contains conclusions of law requiring neither admissions nor denials.

41.     Admitted to the extent Paragraph 41 is intended to apply to Defendants and after the sale of the club in December 2013. Defendants lack sufficient information to form a belief as to the truth of the matter asserted for the period prior to December 2013.

42.     Denied except to the extent Paragraph 42 contains conclusions of law requiring neither admissions nor denials.

43.     Denied except to the extent Paragraph 43 contains conclusions of law requiring neither admissions nor denials.

44.     Admitted except to the extent Paragraph 44 alleges that Plaintiff was an employee and except to the extent Plaintiff's complaint fails to describe the proper corporate relationships between Defendants.

45.     Defendants reincorporate by reference their answers to the preceding paragraphs.

46.     Denied except that Defendants admit that Plaintiff was an independent contractor.

47.     Denied except to the extent Paragraph 47 contains conclusions of law requiring neither admissions nor denials.

48.     Denied except to the extent Paragraph 48 contains conclusions of law requiring neither admissions nor denials.

49.     Denied.

50.     Denied except to the extent Paragraph 50 contains conclusions of law requiring neither admissions nor denials.

51.     Denied except to the extent Paragraph 51 contains conclusions of law requiring neither admissions nor denials.

52.     Denied.

53.     Denied.

54.     The answers to preceding paragraphs are incorporated herein.

55.     Defendants admit the allegations of Paragraph 55 to the extent these allegations are intended to apply to Defendants and for the period following the sale of the club in December 2013. Defendants deny that Plaintiff was an employee. Defendants lack sufficient information to form a belief as to whether the 1099-MISC forms were filed prior to the sale of the club in December 2013.

56.     Denied.

57.     Denied.

58.     Denied.

PRAYER FOR RELIEF

The remainder of the Complaint is a prayer for relief requiring neither admissions nor denials by Defendants. To the extent this prayer may be interpreted

to mean that such relief is proper or that Plaintiff is entitled to such relief from Defendants, such interpretation is denied.

Defendants also deny any allegations or inferences that may be drawn from the Complaint that are not expressly denied, admitted, or acknowledged above.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief under the allegations described in the Complaint.

Defendants request that the Court dismiss the Complaint in its entirety and with prejudice and award Defendants costs, attorney fees, and expenses together with any other relief the Court deems proper.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff has failed to plead a prima facie claim under the FLSA.

3.      Plaintiff's claims are barred to the extent they seek recovery beyond the applicable limitations period.

4.      Plaintiff's claims are barred, in whole or in part, because they cannot establish that any acts or omissions of Defendants were willful under the FLSA.

5.      Plaintiff's claims are barred by the doctrines of laches, waiver, consent, accord, satisfaction, payment and/or release, unclean hands, and because of Plaintiff's conduct.

6.      Plaintiff's claims are barred to the extent she failed to mitigate her damages.

7.      Plaintiff's claims, to the extent she is determined to have been an employee within the meaning of the FLSA, which Defendants deny, are barred in whole or in part because Plaintiff was an exempt employee under Sections 7 and 13 of the FLSA, 29 U.S.C. §§ 207, 213, including without limitation that Plaintiff was a creative professional employee.

8.      Plaintiff's claims are barred to the extent that Defendants' actions have been taken in good faith, in conformity with and in reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

9.      Defendants' actions have been taken in good faith and based on reasonable grounds for believing that such actions were not in violation of the FLSA within the meaning of 29 U.S.C. § 260. Even if Defendants are found to have violated the FLSA, Plaintiff is not entitled to liquidated damages under the FLSA.

10.     Plaintiff's claims, to the extent she is determined to have been an employee within the meaning of the FLSA, which Defendants deny, are barred by Section 4 of the Portal to Portal Act 29 U.S.C. § 254, as to all hours she claims to have worked where she engaged in activities that were preliminary or postliminary to her principal activities.

11.     Plaintiff's claims under the FLSA are barred by the application of the doctrine of payment. Plaintiff has been paid all the money due.

12.     Plaintiff's claims are barred, in whole or in part, by the Sections 10 or 11 of the Portal to Portal Act 29 U.S.C. § 259, 260.

13.     All or part of Plaintiff's claims are barred by the application of the after-acquired evidence doctrine.

14.     Defendants are entitled to all the set offs permitted by law.

15.     Plaintiff's claims are barred to the extent Plaintiff seeks damages for periods in which Plaintiff performed at a club owned and operated by Defendants' predecessor owners.

16.     Plaintiff's claims are barred because Plaintiff was never Defendants' employee within the meaning of 29 U.S.C. § 203(d).

17.     Plaintiff's claims are barred, in whole or in part, by the application of the corporate veil doctrine.

18.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

Defendants reserve the right to amend this Answer to add any affirmative and other defenses, or to withdraw defenses, as deemed appropriate after reasonable opportunity for discovery.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request:

1.  Dismissal with prejudice of the entirety of Plaintiff's complaint.

2.  Attorney fees and costs incurred by Defendants in defending this action.

3.  Any other relief the Court deems proper.

COUNTERCLAIMS

Defendants 1715 Northside Drive, Inc., A1 Entertainment and Carmen Popovitch ("Defendants") counterclaim against Plaintiff as follows:

JURISDICTION AND VENUE

1.     These counterclaims are compulsory in nature and therefore the Court has jurisdiction over the subject matter. Because Plaintiff initiated this action in this Court, venue and personal jurisdiction are proper here.

2.     Defendants A1 Entertainment, LLC and 1715 Northside Drive, Inc. are corporate entities doing business and authorized in Georgia. Defendant Carmen Popovitch resides in Georgia.

3.     Plaintiff is an exotic dancer who performed at Defendants' club for varying amounts of time on various dates.

4.     Plaintiff agreed to be treated as an independent contractor and to perform for the club's customers in return for customer tips and service charges for table side and VIP area dances. The VIP charges are mandatory and imposed on the customers for the entertainment services provided by the dancers.

5.     Plaintiff agreed to provide all the labor and materials, including costume items, required to perform for the club as an independent contractor, apply her skills in a competent manner according to industry standards, accept certain forms of payment in return for her services as an independent contractor, and indemnify the club for claims arising out of her work.

6.     Defendants were entitled to and reasonably relied on this independent contractor agreement and representations made by Plaintiff.

7.     Plaintiff, at all times pertinent to Plaintiff's complaint, agreed to be treated as an independent contractor an represented that she desired to enter such an independent contractor agreement under the financial terms mutually agreed upon by the parties.

8.     The agreement provided that Plaintiff would keep the tips given to her by the customers.

9.     The agreement had lawful objectives and there was consideration flowing to the parties thereto.

10.    During each VIP area performance, the club charged the customers fixed minimum and mandatory service charges. The customers were permitted but nor required to give Plaintiff tips or gratuities over and above the service charges at the customer's discretion for each VIP area dance.

11.    For each table side and VIP area performance or dance, Plaintiff collected a service charge and any tips given by the customers.

12.    The club permitted Plaintiff to keep the service fees instead of requiring the Plaintiff to render the fees to the club after each performance.

13.     The club has taken these VIP service fees into its gross receipts.

14.     During each performance, Plaintiff collected service fees or charges that met or exceeded the minimum wage obligations of the FLSA. In addition, Plaintiff earned tips from the club's customers.

## COUNT 1: BREACH OF CONTRACT

15.     By demanding compensation inconsistent with the independent contractor agreement, Plaintiff has breached and repudiated the contract and Defendants are entitled to damages in an amount to be proven at trial, including but not limited to attorney fees and costs incurred in defending this action.

16.     At all relevant times, Defendants have complied with their duties and obligations under the terms of the agreement with Plaintiff.

## COUNT 2: UNJUST ENRICHMENT

17.     Even if an independent contractor agreement was not formed between Plaintiff and Defendants, Plaintiff was unjustly enriched by collecting and retaining the club's services fees. These types of fees do not exist in any bona-fide employer-employee relationship.

18.     Alternately, to the extent Plaintiff is found to have been entitled to minimum wages under the FLSA, Plaintiff would be unjustly enriched in keeping

the service charges and the minimum wages. If Plaintiff is found to be entitled to minimum wages under the FLSA, Plaintiff would benefit from a windfall similar to double recovery.

## COUNT 3: PROMISSORY ESTOPPEL

19.     Plaintiff promised Defendants that the independent contractor arrangement was satisfactory to Plaintiff. In reasonable reliance on this promise, Defendants allowed Plaintiff to apply her trade in the club and collect service fees and tips. Plaintiff breached her promise by generating the current action.

20.     Defendants sustained damages, including but not limited to, exposure to a potential double recovery of payments by Plaintiff for the work she performed, mounting fees and costs of defending this action, and a decrease in the value of the club's shares, and loss of business opportunity and goodwill.

WHEREFORE, Defendants demands judgment against Plaintiff in such amount as the fact finder may determine will make Defendants whole, reasonable attorney fees and costs, and any such relief as the Court may deem just.

## CROSS CLAIMS AGAINST CB JONES II

Defendants A1 Entertainment, LLC, 1715 Northside Dr., Inc., and Carmen Popovitch ("Defendants") assert the following claims against Defendant CB Jones

II in the event CB Jones II is found to have violated the FMLA during his tenure as owner of the club until December 2013.

## JURISDICTION AND VENUE

1.     These cross claims are brought under F.R.C.P. 13(g) against a co-defendant and they relate to property that is the subject matter of the original action. The claims also arise out of transactions and occurrences that are the subject matter of the original action.  Therefore the Court has jurisdiction over the subject matter. Because Defendant Jones filed an answer in this Court, venue and personal jurisdiction are proper here.

2.     Defendants A1 Entertainment, LLC and 1715 Northside Drive, Inc. are corporate entities doing business and authorized in Georgia. Defendant Carmen Popovitch resides in Georgia.

## COUNT 1: FRAUD

3.     On December 7, 2013 Defendants and CB Jones II entered into a stock purchase agreement for the sale of the club.

4.     An asset sale, which would not have transferred the club's liabilities to Defendants, was discussed and vehemently opposed by CB Jones II.

5.      The stock sale agreement represented that the club had no undisclosed "litigation or claims" except a worker compensation claim by one Melanie Cummings.

6.      If CB Jones II maintained a pattern of FMLA violations during his tenure as owner of the club, this representation was false.

7.      If CB Jones II is found to have operated the club in violation of the FLSA, he did so despite being aware or constructively aware of all the legal issues and industry trends affecting strip clubs, specifically a nation-wide trend to sue strip clubs for wage and hour violations.

8.      Upon information and belief, CB Jones II has an additional layer of sophistication further establishing the scienter of this claim as he is educated as an attorney and is or was licensed in the State of Illinois.

9.      The stock sale agreement was intended to induce Defendants to buy the club without knowledge of the liability exposure.

10.      Defendants A1 Entertainment and Carmen Popovitch, who were not familiar with the strip club business prior to December 2013, reasonably and justifiably relied on these representations and purchased the club on or about December 7, 2013 as due diligence based on the club's documentation did not reveal these FMLA violations.

11.     Defendants sustained damages including but not limited to the necessity of defending this and other similar lawsuits, decrease in stock value, and loss of business opportunity.

## COUNT 2: NEGLIGENT MISREPRESENTATION

12.     Defendants restate the allegations contained in paragraphs 1 to 11 of the cross claim.

13.     CB Jones II negligently represented that there were no undisclosed claims at the time of the December 2013 sale of the club, except the worker's compensation claim.

14.     CB Jones II should have known of the potential exposure to wage and hour claims under the FMLA as he is an attorney and an experienced club operator. If CB Jones II is found to have operated the club in violation of the FLSA, he did so despite being aware or constructively aware of all the legal issues and industry trends affecting strip clubs, specifically a nation-wide trend to sue strip clubs for wage and hour violations.

15.     Defendants A1 Entertainment and Carmen Popovitch, who were unfamiliar with this type of business, reasonably relied on the representations and the club purchase was finalized.

16.     Defendants sustained damages including but not limited to the necessity of defending this and other similar lawsuits, decrease in stock value, and loss of business opportunity.

COUNT 3: PROMISSORY ESTOPPEL

17.     Defendants restate the allegations contained in paragraphs 1 to 16 of the cross claim.

18.     Defendant CB Jones II promised that the business was free of undisclosed liability exposure except one worker's compensation claim despite his knowledge that the club was operated in violation of the FLSA.

19.     Defendants A1 and Popovitch were unfamiliar with this type of business.

20.     CB Jones II reasonably expected that Defendants would rely on his knowledge and experience with the club. Defendants relied on this promise and purchased the club.

21.     Defendants' reliance was reasonable as no amount of due diligence could have revealed to Defendants the extent of the litigation exposure as to issues that were unknown to Defendants and were not reflected in the corporate documents provided by CB Jones at the time of the sale.

22.     Defendants sustained damages including but not limited to the necessity of defending this and other similar lawsuits, decrease in stock value, and loss of business opportunity.

## COUNT 4: UNJUST ENRICHMENT

23.     CB Jones II induced Defendants A1 and Popovitch to accept a one-sided stock sale contract for the sale of the club in order to escape liability for his operation of the club in violation of the FLSA, despite being aware or constructively aware of a nation-wide trend to sue strip clubs for wage and hour violations.

24.     CB Jones II was a sophisticated party with legal expertise as well as vast experience in the operation of adult entertainment clubs.

25.     Defendants were not experienced in the operation of this type of business.

26.     The purchase price of the stock was $1,100,000.

27.     Upon information and belief, CB Jones II is willing to buy back the business for the low sum of $100,000.

28.     Upon information and belief, after the failure of the settlement negotiations in this and similar cases, Mr. Jones now takes the position that Defendants are solely responsible for the liabilities of the club, including all the

liabilities arising from Mr. Jones' operation and conduct during his long tenure as an owner.

29.     Such enrichment is unjust as Defendants would be left with the liabilities of the club and CB Jones II would receive all the benefits.

WHEREFORE, Defendants A1 Entertainment, LLC, 1715 Northside Dr., Inc., and Carmen Popovitch respectfully request that judgment be entered in their favor and against CB Jones II, and for monetary damages against CB Jones II as available in the common and codified law, for reasonable attorney's fees and costs, and such other relief both equitable and monetary as the Court deems just in order to make Defendants whole.

Dated: February 18, 2015

/s/ Andrei Ciobanu
Andrei Ciobanu MI Bar No. P70726
On behalf of 1715 Northside Dr., Inc.,
A1 Entertainment, LLC, and Carmen Popovitch
675 East 16th Street, Suite 55
Holland, MI 49423
616 499 5338
andreicio@yahoo.com

/s/ DeWayne N. Martin
DeWayne N. Martin
GA Bar Number 472564
The Martin Firm
55 Ivan Allen, Jr. Boulevard
Suite 820
Atlanta, Georgia 30308

P: (404) 477-1282
F: (404) 759-2449
E: dmartin@martin-firm.com

CERTIFICATION OF COMPLIANCE

I certify that the foregoing document complies with the font and point selections set forth in Local Rule 5.1(C). This document has been prepared using Times New Roman font size 14.

/s/ Andrei Ciobanu
Andrei Ciobanu
MI Bar No. P70726


/s/ DeWayne N. Martin
DeWayne N. Martin
GA Bar Number 472564

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELBRA L. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:14-cv-03775- |
| 1715 NORTHSIDE DRIVE, INC et al., | ) | CAP |
| | ) | Hon. |
| Defendants. | ) | |
| | ) | |

CERTIFICATE OF SERVICE

I further certify that on this day I filed the foregoing document in the Court's CM/ECF system, which will insure service by email to the following attorneys of record:

Herbert P. Schlanger                    Kevin Fitzpatrick
herb@schlanger.com                      kevin.fitzpatrick@dcbflegal.com

Matthew Herrington
matthew.herrington@dcbflegal.com

Dated this 18th Day of February 2015.


/s/ Andrei Ciobanu
Andrei Ciobanu MI Bar No. P70726
On behalf of 1715 Northside Dr., Inc.,
A1 Entertainment, LLC, and Carmen Popovitch
675 East 16th Street, Suite 55
Holland, MI 49423
616 499 5338
andreicio@yahoo.com

/s/ DeWayne N. Martin
DeWayne N. Martin
GA Bar Number 472564
The Martin Firm
55 Ivan Allen, Jr. Boulevard
Suite 820
Atlanta, Georgia 30308
P: (404) 477-1282
F: (404) 759-2449
E: dmartin@martin-firm.com